# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MARCINKOWSKI,<br><br>                          Plaintiff,<br>vs.<br>ROBERT W. BUECHEL, STACIE BUECHEL, and DOES1-10,<br><br>                          Defendant. | CASE NO. 13cv2991-LAB (JMA)<br><br>**ORDER OF REMAND** |

In response to the Court's order to show cause why this case should not be remanded (Docket no. 3), Defendants have filed a combined memorandum of points and authorities and amended notice of removal.

Defendants removed this action from the Superior Court of California for the County of San Diego, identifying the presence of a federal question as the basis for removal jurisdiction. Although the notice of removal pled an amount in controversy, it did not rely on diversity jurisdiction, and in any case the parties do not appear to be diverse.

As the Court's order pointed out, a district court must examine notices of removal and remand actions if the Court lacksjurisdiction. 28 U.S.C. § 1447(c); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Federal question jurisdiction is determined on the face of the complaint. *Id*. at 1211; *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990).

The Court's order cautioned Defendants that failure to show cause as ordered would result in remand. The removing party bears the burden of establishing the existence of subject matter jurisdiction. *Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir.1996). The removal statute is strictly construed, and any doubt about the right of removal must be resolved in favor of remand. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The amended notice of removal includes a legible copy of the state court complaint, which raises only state claims for fraud, breach of contract, and common law counts for money received. The notice of removal characterizes these as supplemental or pendent claims, but in fact they are the only claims in the complaint. The notice identifies the Fair Debt Collection Practices Act (FDCPA) as the true basis for the claims, but in fact the complaint doesn't rely on the FDCPA at all.

The notice also claims that this case presents a federal question because Defendants were in bankruptcy proceedings at the time of the alleged fraud, although those proceedings have concluded. But the complaint alleges the claim arose post-petition, was never disclosed, and was not discharged in the bankruptcy. In any event, discharge in bankruptcy is a defense and does not create federal question jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . ."); *In re McGhan*, 288 F.3d 1172, 1180 (9th Cir. 2002) (holding that discharge in federal bankruptcy is a defense that state courts have jurisdiction to adjudicate).

The notice also notes, indirectly, the artful pleading exception to the well-pleaded complaint rule,, by pointing out that in some instances federal statutes completely preempt state causes of action. *See Lippitt v. Raymond James Fin'l Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (identifying complete preemption as one basis for application of the artful pleading doctrine). But the notice does not attempt to show that the FDCPA is such a statute, and there is a presumption against complete preemption. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 518 (1992) (recognizing the presumption against complete preemption); *Desmond v. Phillips & Cohen Assocs., Inc.*, 724 F. Supp. 2d 562, 567 (W.D.

Pa., 2010) (citing cases for the proposition that "no court has ever held that the FDCPA completely preempts applicable state law"). The notice's repeated mention of supplemental state claims confirms that Defendants themselves believe the complaint's state law claims survive, implying they are not completely preempted.

Because Defendants have failed to meet their burden of establishing that removal was proper and that this Court has jurisdiction over this action, it is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: December 23, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge